Kevin R. Lussier (State Bar No. 143821)
E-mail: klussier@berryperkins.com
BERRY & PERKINS
A Professional Corporation
2049 Century Park East, Suite 950
Los Angeles, California 90067-3134
Telephone: (310) 557-8989
Facsimile: (310) 788-0080

Attorneys for Plaintiff
CHANEL, INC., a New York Corporation

JS-6

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC., a New York corporation,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ROSA AINSLIE d/b/a LA PETITE BOUTIQUE d/b/a LA PETITE-BOUTIQUE.COM and Does 1-10<br><br>　　　　　Defendant. | Case No. SACV 07-0971 DOC (ANx)<br><br>**STIPULATED CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION** |

　　　　Plaintiff, Chanel, Inc. ("Chanel") and Defendant Rosa Ainslie d/b/a La Petite Boutique d/b/a LAPETITE-BOUTIQUE.COM ("Ainslie") stipulate and consent to the following:

　　　　WHEREAS, Chanel has alleged that Ainslie adopted and began using trademarks in the United States which allegedly infringed Chanel's registered trademarks: CHANEL and CC MONOGRAM (the "Chanel Marks") as identified specifically in Paragraph 7 of Chanel's Complaint;

　　　　WHEREAS, based upon Chanel's good faith prior use of the Chanel

Marks, Chanel has superior and exclusive rights in and to the Chanel Marks in the United States and any confusingly similar names or marks.

   IT IS STIPULATED, ORDERED, ADJUDGED AND DECREED that:

  1. Ainslie, and her respective officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them, are hereby permanently restrained and enjoined from intentionally and/or knowingly:

   A. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing the Chanel Marks;

   B. using the Chanel Marks in connection with the sale of any unauthorized goods;

   C. using any logo, and/or layout which may be calculated to falsely advertise the services or products of Ainslie's as being sponsored by, authorized by, endorsed by, or in any way associated with Chanel;

   D. falsely representing themselves as being connected with Chanel through sponsorship or association,

   E. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Ainslie are in any way endorsed by, approved by, and/or associated with Chanel;

   F. using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Ainslie, including, without limitation, handbags, belts, watches, shoes, sunglasses, and costume jewelry, including bracelets, earrings, and necklaces;

   G. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Ainslie's goods as being those of

Chanel, or in any way endorsed by Chanel;

  H. offering such goods in commerce and from otherwise unfairly competing with Chanel;

  I. secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Chanel Marks; and

  J. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (I).

 2. Chanel is awarded damages against Ainslie in the amount of thirty-thousand dollars and no cents ($30,000.00).

 3. Any party shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure to comply with any of the provisions hereof.  The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

 4. The causes of action between Chanel and Ainslie are hereby dismissed with prejudice, subject to the terms of the Settlement Agreement between the parties and this Judgment.  This Consent Final Judgment shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

 5. The parties' respective attorney's fees and costs incurred in connection with this action shall be borne as per the agreement of the individual parties in their Settlement Agreement.

6. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment and the Settlement Agreement between the parties.

IT IS SO ORDERED.

Dated: December 31, 2008

_____
Hon. David O. Carter
United States District Judge

STIPULATED CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action, and my business address is Berry & Perkins (the "business"), 2049 Century Park East, Suite 950, Los Angeles, California 90067.

On December 31, 2008, I caused the following document to be served: **[PROPOSED] STIPULATED CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION** on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

   Kim T. Nguyen, Esq.
   14081 Yorba Street, Suite 203
   Tustin, California 92780

 **X**  **BY REGULAR U.S. MAIL:** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Los Angeles, California.

 ___  **BY FACSIMILE TRANSMISSION:** I sent a true and complete copy of the document(s) described above by facsimile transmission to the telephone number(s) set forth opposite the name(s) of the person(s) set forth above.

 ___  **BY FEDERAL EXPRESS OVERNIGHT DELIVERY OR OTHER EXPRESS OVERNIGHT SERVICE:** I declare that the foregoing described document(s) was(were) deposited on the date indicated below in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served, at the address as last given by that person on any document filed in the cause and served on this office.

 ___  **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the above address(es).

 ___  **BY ELECTRONIC MAIL:** I caused such document to be delivered electronically to the e-mail address(es) above.

 **X**  (**Federal**) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 31, 2008, at Los Angeles, California.

*Kate E. Oyler*
Kate E. Oyle